## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC YOST, individually and on behalf of a class of similarly situated individuals, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | **3:16-CV-00079** |
| | : | **(JUDGE MARIANI)** |
| ANTHEM LIFE INSURANCE COMPANY | : : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Presently before the Court is Defendant Anthem Life Insurance Company's Motion to Dismiss. (Doc. 7). For the reasons that follow, Defendant's Motion will be granted in part and denied in part.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Eric Yost, individually and on behalf of a class of similarly situated individuals, filed a putative class action complaint on December 11, 2015, in the Court of Common Pleas of Pike County. (Doc. 2-1). The Complaint alleges three counts. In the first count, Plaintiff seeks a declaratory judgment that Defendant may not obtain reimbursement, or assert a right of subrogation against the proceeds of personal injury settlements or verdicts, on motor vehicle claims in accordance with Pennsylvania's Motor Vehicle Financial

Responsibility Law, 75 Pa. C.S. § 1720 ("MVFRL").  (*Id.* at 16-20).  Count II of the Complaint asserts a claim for unjust enrichment, (*Id.* at 21-25), and in Count III Plaintiff brings a claim for bad faith.  (*Id.* at 26-34).

On January 21, 2016, Defendant removed the action to this Court.  (Doc. 1).  Thereafter, Defendant filed a Motion to Dismiss, maintaining that the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") preempts Plaintiff's claims.  (Doc. 7).  The Court held oral argument on Defendant's Motion on July 29, 2016.

## II.    STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint.  Plaintiff Eric Yost was insured for disability benefits under a Group Plan issued by the Defendant through Finisar Corporation, Plaintiff's former employer.  (Doc. 2-1, at ¶ 6).  On February 2, 2013, Plaintiff was injured as a result of a motor vehicle accident, rendering him temporarily disabled.  (*Id.*, at ¶ 7).  As a result of his temporary disability, Plaintiff submitted a claim for short term disability benefits to Defendant.  (*Id.*, at ¶ 8).  Thereafter, Defendant paid disability benefits in the amount of $5,654.40 to the Plaintiff for the period beginning February 4, 2013 and ending April 23, 2013.  (*Id.*, at ¶ 9).

As a result of his injury, Plaintiff sought damages against the alleged tortfeasor.  (*Id.*, at ¶ 10).  The tortfeasor's insurer settled the action and made payment to Plaintiff in compensation for the personal injuries he sustained in the motor vehicle accident.  (*Id.*, at ¶ 11).  Defendant then asserted a claim for reimbursement of the short term disability benefits

paid to the Plaintiff in the amount of $6,997.25. (*Id.*, at ¶¶12, 14). The parties then attempted to negotiate a settlement as to the reimbursement Defendant asserted it was owed by Plaintiff. (*Id.*, at ¶¶14-20).

Defendant has continued to assert a claim for reimbursement of the short term disability benefits paid to the Plaintiff. (*Id.*, at ¶ 24). As a result, counsel for the Plaintiff "has been forced to refuse to distribute to Mr. Yost the money in dispute," (*Id.*, ¶26), leaving Plaintiff "subject to suit and loss of benefits based on the dispute over the subject funds." (*Id.*).

## III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in

3

the Complaint and the reasonable inferences that can be drawn from those facts, but . . .

disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707

F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should identify
> allegations that, because they are no more than conclusions, are not entitled to
> the assumption of truth. Finally, where there are well-pleaded factual allegations,
> a court should assume their veracity and then determine whether they plausibly
> give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   ANALYSIS

### A.  Count One:  Declaratory Judgment

Defendant's Motion seeks dismissal of Plaintiff's declaratory judgment claim on the

theory that ERISA completely preempts the cause of action.  Specifically, it is Defendant's

position that:

4

Viewing the operative facts in the light most favorable to the Plaintiff, the action should be dismissed because Plaintiff's claims relate to an 'employee welfare benefit plan' under 29 U.S.C. §§ 1002(1) and (3), and therefore § 514 of ERISA, 29 U.S.C. § 1144(a), preempts the state statute on which Plaintiff bases his claims. Accordingly, Plaintiff does not have any legally sustainable claims against Anthem Life.

(Doc. 9, at 11). Plaintiff opposes Defendant's Motion, directing to the Court to decisions of

the Supreme Court of the United States and the United States Court of Appeals for the

Third Circuit, which Plaintiff maintains have explicitly held that the statute at issue—Section

1720 of Pennsylvania's Motor Vehicle Financial Responsibility Law—is *not* preempted by

ERISA. (Doc. 10).

As an initial matter, the Court concludes that the Group Plan at issue is an ERISA

employee welfare benefit plan within the meaning of the statute. ERISA applies, in relevant

part, to "any employee benefit plan if it is established or maintained (1) by any employer

engaged in commerce or in any industry or activity affecting commerce. . . ." 29 U.S.C. §

1003(a)(1). The statute defines "employee benefit plan" to include an "employee welfare

benefit plan," which in turn is defined as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

*Id.* at § 1002(1). The Court's review of the Group Disability Plan, and public records relating to the Plan and its sponsor, demonstrate that the Plan is a fully-insured plan established and maintained by an employer engaged in an industry affecting commerce which provides short term disability benefits to its employees.[1] (Docs 9-3, 9-4, 9-5).

Having determined, as a threshold matter, that the Plan at issue is subject to the provisions of ERISA, the Court next addresses whether ERISA preempts Plaintiff's declaratory judgment claim based on Section 1720 of the MVFRL. ERISA's preemption clause provides for broad preemption of state laws that "relate to" ERISA governed plans. Specifically, the statute provides that "[e]xcept as provided in subsection (b) of this section" ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). As the parties recognize, the Supreme Court has previously held that Section 1720 of Pennsylvania's MVFRL "relates to" ERISA governed plans. *See FMC Corp. v. Holliday*, 498 U.S. 52, 59, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) ("Pennsylvania's antisubrogation law 'relate[s] to' an employee benefit plan."). Because Section 1720 falls within ERISA's preemption clause, Plaintiff's cause of action will be preempted by ERISA unless the statute falls within ERISA's savings clause, and is therefore saved from preemption.

---

[1] The Court may take judicial notice of the Plan Documents because "the Plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). *See also* Fed. R. Evid. 201(b).

6

ERISA's savings clause rescues certain state laws from preemption. The statute

provides, in relevant part, that "nothing in this subchapter shall be construed to exempt or

relieve any person from any law of any State which regulates insurance, banking, or

securities." 29 U.S.C. § 1144(b)(2)(A). In order to determine whether a law "regulates

insurance," the Supreme Court has instructed courts to determine whether the law at issue

is "specifically directed toward the insurance industry." *Kentucky Ass'n of Health Plans, Inc.*

*v. Miller,* 538 U.S. 329, 334, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003) (internal citation and

quotation marks). In addition, the statute "must also substantially affect the risk pooling

arrangement between the insurer and the insured." *Id.* at 338. At oral argument, counsel

for the Defendant conceded that Section 1720 of the MVFRL substantially affects the risk

pooling arrangement between the insurer and the insured. *See* July 29, 2016, Hr'g Tr. at

15:3-5. Thus, the dispute boils down to one issue: is Section 1720 of the MVFRL

"specifically directed toward the insurance industry" and is therefore saved from

preemption?

Defendants maintain that Section 1720 of the MVFRL is not specifically directed toward

the insurance industry and is therefore preempted. However, the Supreme Court has held

that Section 1720 of the MVFRL "regulates insurance" and therefore is saved from

preemption. *See FMC Corp.,* 498 U.S. at 60-61. In that case, the Court noted that:

> There is no dispute that the Pennsylvania law falls within ERISA's insurance saving
> clause, which provides, '[e]xcept as provided in [the deemer clause], nothing in this
> subchapter shall be construed to exempt or relieve any person from any law of any State
> which regulates insurance," § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A) (emphasis

7

added). Section 1720 directly controls the terms of insurance contracts by invalidating any subrogation provision that they contain. See *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S., at 740-741, 105 S.Ct., at 2389-2390. It does not merely have an impact on the insurance industry; it is aimed at it. See *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987). This returns the matter of subrogation to state law. Unless the statute is excluded from the reach of the saving clause by virtue of the deemer clause, therefore, it is not pre-empted.

*FMC Corp.*, 498 U.S. at 60-61.[2]   In its Motion, the Defendant asserts that the Supreme Court's discussion of Section 1720 and ERISA's savings clause is merely dicta. The Court disagrees. In essence, the Defendant is asking the Court to interpret a well-established, oft-cited and repeatedly upheld Supreme Court decision in a way that would undermine its very holding. Moreover, the Third Circuit, albeit in dicta, has recognized that the Supreme Court has concluded that Section 1720 of the MVFRL "regulates insurance" and is therefore saved from preemption. See *Wirth v. Aetna U.S. Healthcare*, 469 F.3d 305, 309 n.6 (3d Cir. 2006) ("This issue is not informed by our opinion in *Levine*; in that case, the relevant statutory interpretation issue concerned whether New Jersey's anti-subrogation provision regulates insurance such that it was 'saved' under ERISA Section 514(b)(2)(a). The Supreme Court has already resolved this issue with respect to Pennsylvania's statute. See *FMC Corp. v. Holliday*, 498 U.S. 52, 61, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990)"). See also *Wirth v. Aetna U.S. Healthcare*, 137 F. App'x 455, 459 (3d Cir. 2005) ("The Supreme Court has specifically held that [Section 1720] does regulate insurance. See *FMC Corp. v. Holliday*, 498 U.S. 52, 61, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990)"). Accordingly, the Court

---

[2] The parties agree that the Plan at issue is not a self-funded plan and therefore does not fall within the scope of ERISA's deemer clause. See July 29, 2016 Hr'g Tr. at 8:4-7.

concludes that Section 1720 of the MVFRL "regulates insurance" and is therefore saved from ERISA preemption. Defendant's Motion to Dismiss Count I will be denied.

### B. Additional Claims

Defendants next seek dismissal of Plaintiff's unjust enrichment claim alleged in Count II of the Complaint. Because Plaintiff's unjust enrichment claim results from a contractual relationship between the Plaintiff and the Defendant, it necessarily must fail. *See Eastern Roofing Sys., Inc. v. Simon Prop. Grp., Inc.*, No. 3:14-cv-00717, 2016 WL 1367176, at *5 (M.D. Pa. Apr. 5, 2016) ("It is well settled, however, that the doctrine of unjust enrichment is inapplicable where the relationship between the parties is founded upon written agreements.") (citing *Wilson Area Sch. Dist. v. Skepton*, 586 Pa. 513, 520, 895 A.2d 1250 (2006)).

Finally, Defendants move to dismiss Plaintiff's Bad Faith claim alleged in Count III of the Complaint. The Third Circuit has held that ERISA preempts Pennsylvania's bad faith statute. *See Barber v. UNUM Life Ins. Co. of Am.*, 383 F.3d 134 (3d Cir. 2004) (holding that ERISA preempts 42 Pa. C.S. § 8371, Pennsylvania's bad faith statute). Therefore, Count III of the Complaint must fail. Accordingly, the Court will grant Defendant's Motion to Dismiss Counts II and III of the Complaint.[3]

### V.   CONCLUSION

---

[3] The Court notes that Plaintiff has stated that "[i]n the event that the subject Plain is in fact determined to be an ERISA plan, Plaintiff will voluntarily withdraw these counts." (Doc. 10, at 24). The Court has already concluded that the subject Plain is an ERISA plan. *See supra*, at Part IV(A).

For the reasons set forth above, Defendant's Motion to Dismiss, (Doc. 7), will be granted in part and denied in part.  A separate order follows.

Robert D. Mariani
United States District Judge